**UNITED STATES BANKRUPTCY COURT   EASTERN   DISTRICT OF   PENNSYLVANIA**

In re: Mark Stewart Cory                    Debtor(s)                    Case No.                    13-17424

## CHAPTER 13 PLAN

*(If this form is used by joint debtors wherever the word "debtor" or words referring to debtor are used they shall be read as if in the plural.)*

I.      Property, future earnings and duration of plan:

The future earnings and property of the debtor are submitted to the supervision and control of the trustee and the __X__ *debtor-___debtor's employer* shall pay to the trustee the sum of $300.00     *weekly — bi-weekly — semi-monthly* __X__ *monthly*  for a period of  60 **Months.**  Property of the debtor to remain vested with the court until termination of the plan.

II.      From the payments so received, the trustee shall make disbursements as follows:

1.   Full payments in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.

a.   Trustee Compensation:

Trustee to receive percentage not to exceed 10% of plan payments.

2.   Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

a.   Midfirst Bank

Full payment of arrears to Midfirst Bank over the course of plan period.  Debtor reserves the right to file amended plan or objection to proof of claim following receipt of proof of claim from Midfirst Bank.

Pay $ 10,000.00 to Midfirst Bank.

Debtor will resume post petition payments directly to lender.

b.   Ocwen Loan Servicing

Full payment of arrears to Ocwen Loan Servicing over the course of plan period.  Debtor reserves the right to file amended plan or objection to proof of claim following receipt of proof of claim from Ocwen Loan Servicing.

Pay $5,000.00 to Ocwen Loan Servicing.

Debtor will resume post petition payments directly to lender.

801 *Subsequent to – pro rata with* dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

Pro-Rata to unsecured if available.

III.    The following executory contracts of the debtor are rejected:

      N/A None

IV.    Other provisions

        a.    The effective date of this plan will be the date of the order confirming the plan.
        b.    Property of the estate will vest in the debtor at the time of the confirmation of the plan, unless otherwise stated in the order Confirming the plan pursuant to 11 U.S.C. §350.

Dated:    9/24/13          /S/Mark Cory               /S/_____
                           *Debtor*                   *Joint Debtor*


Acceptances may be mailed to          The Law Offices of Anthony A. Frigo
                                      Suite 230
                                      1 West Main Street
                                      Norristown, PA 19401